**LUTHERAN BROTHERHOOD, a Fraternal Benefit Society,**

v.

**Raymond J. KRAYNAK, D.O., Appellant.**

No. 01–2285.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on March 5, 2002.

Filed March 12, 2002.

Before ALITO, RENDELL, and HALL,\* Circuit Judges.

---

\* Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit,     sitting by designation.

### OPINION OF THE COURT

RENDELL, Circuit Judge.

Lutheran Brotherhood ("Lutheran") initiated this action against Raymond J. Kraynak alleging it was entitled to rescind an insurance policy based on Kraynak's fraudulent misrepresentations on his insurance application. Kraynak filed a counterclaim for benefits under the policy. Lutheran filed a motion for summary judgment, and Kraynak filed a motion for judgment on the pleadings or, in the alternative, for summary judgment, and a motion for partial summary judgment. The District Court granted Lutheran's motion and denied Kraynak's motions. Kraynak now appeals. For the reasons set forth by the District Court, we will affirm.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and apply the same standards as the District Court properly did. *Beers–Capitol v. Whetzel*, 256 F.3d 120, 130 n. 6 (3d Cir.2001).

The District Court applied Pennsylvania law which provides: "[A]n insurance contract is void if (1) the representation was false; (2) the insured knew it to be false when made or acted in bad faith; and (3) the representation was material to the risk being insured." *Matinchek v. John Alden Life Ins. Co.*, 93 F.3d 96, 102 (3d Cir.1996). The court properly concluded that three fraudulent misrepresentations made by Kraynak in the course of obtaining disability insurance from Lutheran supported Lutheran's decision to rescind the insurance policy. First, he did not include on his application the fact that he was covered by other disability insurance policies. Second, he did not cancel any other disability

insurance as promised in his application. Third, he did not inform Lutheran that he had been diagnosed with arthritis "during the last ten years." We also agree with the District Court that laches does not bar Lutheran from pursuing its recission claim. Kraynak was not prejudiced by a "lack of diligence" on the part of Lutheran "in pursuing its rights." *In the Matter of Dennis J. Iulo,* 564 Pa. 205, 766 A.2d 335, 338 (Pa.2001). First, Lutheran had no affirmative duty to investigate Kraynak's representations to it, and, second, the knowledge of a district representative is not binding on Lutheran.

For the above reasons, we agree that Lutheran is entitled to rescind its policy and will therefore affirm the District Court's grant of summary judgment in favor of Lutheran, as well as its denial of Kraynak's motion for judgment on the pleadings or summary judgment, and its motion for partial summary judgment.